IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert James Cave Jr., #103424, ) | C/A No. 0:09-56-HFF-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Barbara Morgan, Solicitor; ) | |
| Aiken County Second Circuit Solicitor's Office, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC. The plaintiff, Albert James Cave, Jr. ("Cave"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Cave is a pretrial detainee at the Aiken County Detention Center who claims that his pending criminal case has been mishandled. Under a liberal construction of Cave's Complaint, he seeks monetary damages and dismissal of the criminal charges pending against him. Having reviewed Cave's Complaint, the court finds that this action should be dismissed based upon prosecutorial immunity and for failure to state a claim upon which relief may be granted.

### *PRO SE* REVIEW PURSUANT TO
### THE PRISON LITIGATION REFORM ACT ("PLRA")

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner,

404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* documents, Erickson v. Pardus, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam)*.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal



construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Cave apparently faces criminal charges of first degree burglary and grand larceny.[1] He alleges that the defendants violated his constitutional rights by failing to bring him before a court to request a bond for approximately one year. He also alleges that he does have a motion for a bond currently pending. Cave further alleges that the Solicitor (and a detective and investigator) are associated and acquainted with the victim and that, because of that relationship, the Solicitor was "barred" from handling this case in September of 2008. He further asserts that, despite this asserted disqualification, the Solicitor continued to handle the case for two or three months after that date to see if she could indict him on other charges. The plaintiff alleges that the defendants "filed false reports" in his case, mishandled evidence, and "lied to me and tried to trick me into a plea." The plaintiff alleges that his entire case has been negligently mishandled by the defendants.

Liberally construed, Cave's complaint seeks damages for time wrongfully spent in jail when he could have been released on bond. He further requests that the pending criminal charges against him be dismissed.

---

[1]See http://courts.aikencountysc.gov/scjd55702/publicindex/PISearch.aspx?CourtType=L (insert plaintiff's name and then "search public index") (last visited Jan. 28, 2009). The court may take judicial notice of factual information located in postings on government websites. See In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).



## DISCUSSION

Section 1983 of Title 42 of the United States Code "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983.

The "Aiken County Second Circuit Solicitor's Office" is not a "person" within the meaning of § 1983. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). The Solicitor's Office consists of buildings, facilities, and grounds—inanimate objects that do not act under color of state law—and thus is not a "person" within the meaning of § 1983. See Hancock v. Washtenaw County Prosecutor's Office, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (concluding that the county prosecutor's office "is not an entity and, therefore, not a person subject to suit under . . . § 1983"). Therefore, the defendant "Aiken County Second Circuit Solicitor's Office" should be summarily dismissed from this action without prejudice and without service of process.

Similarly, Cave's claims against Solicitor Barbara Morgan cannot go forward, as he seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. See S.C. Const. art. V, § 24; S.C. Code Ann. § 1-7-310. Prosecutors, including defendant Morgan, have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. See Van de Kamp v. Goldstein, 129 S. Ct. 855, 859-62 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. Id.; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993). As alleged, Defendant Morgan's conduct relates to her efforts to indict the plaintiff for other charges, mishandling the bond hearing, and trying to "trick" Cave into pleading guilty. This alleged conduct is closely related to the judicial process. Therefore, she is absolutely immune from suit. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Additionally, to the extent the plaintiff requests that the pending criminal state charges against him be dismissed, this court should abstain from interfering with pending state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 43-44 (1971). A federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In Younger, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most



narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43-44. From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has developed the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). In this case, Cave is clearly involved in an ongoing state criminal proceeding; therefore, the first prong for abstention is satisfied. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). With regard to the third criterion, the Court noted that "'ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" Gilliam, 75 F.3d at 903 (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Cave has made no showing, or even alleged, that he cannot vindicate his federal constitutional rights in state court; he can seek to dismiss the charges against him in state court. Therefore, even if Cave had a viable § 1983 claim, this court should abstain from ruling during the pendency of his criminal case.

**RECOMMENDATION**

Accordingly, the court recommends that the complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. See Neitzke, 490 U.S. at 324-25; Haines, 404 U.S. 519; 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*Paige J. Gossett*

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 19, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).